IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARREN L. JAMES,

     Plaintiff,

v.                                       Civ. No. 16-1183 MV/GBW

DISTRICT ATTORNEY'S OFFICE, *et al.,*

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Defendants' Motion to Dismiss.  *Doc. 8.*
For the reasons discussed below, I recommend that the Court grant Defendants' motion
and dismiss this action.

## I.    BACKGROUND

In 2013, Defendant Andrea Reeb was employed as an Assistant District Attorney
for the Ninth Judicial District Attorney's Office and prosecuted Plaintiff in three
methamphetamine-trafficking cases.  *Doc. 1* at 1-3; *doc. 8* at 3; *doc. 8-1* at 1.  On October 2,
2013, Plaintiff pled guilty to all three charges pursuant to a plea agreement, which was
signed by Plaintiff, Plaintiff's attorney, and Defendant Reeb.  *Doc. 8* at 3; *doc. 8-1* at 1-5.
While Plaintiff's Complaint does not directly identify these criminal cases as the subject
of this suit, it does refer to his "pending motion in district court," which likely refers to
Plaintiff's Motion to Vacate in these cases.  *See doc. 8* at 3-4; *doc. 8-1* at 9-11.  In addition,
it appears that no criminal cases involving Plaintiff have been filed other than these

three trafficking cases.  *See* https://caselookup.nmcourts.gov/caselookup/app.

Therefore, I recommend that the Court construe Plaintiff's Complaint as alleging

constitutional violations relating to his transportation to the Curry County Detention

Center on October 2, 2013.

Plaintiff filed the instant action on October 27, 2016.  *Doc. 1.*  The Complaint

alleges that by improperly ordering Plaintiff's transportation to the Curry County

Detention Center, Defendants violated his rights under the Eighth, Fourteenth, Fifth,

and Sixth Amendments to the United States Constitution.  *Id.*  On January 5, 2017,

Defendants filed this Motion to Dismiss, alleging that: (1) Plaintiff's claims are barred

by the applicable statute of limitations; (2) Defendants are entitled to immunity under

the Eleventh Amendment; (3) Defendant Reeb is entitled to absolute prosecutorial

immunity; and (4) Defendant Reeb is entitled to qualified immunity.  *Doc. 8* at 2-10.  For

the following reasons, I recommend that the Court grant Defendants' motion and

dismiss this action.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for

failure to state a claim upon which the court can grant relief.  When ruling on a motion

to dismiss, the court must accept as true all well-pleaded factual allegations in the

complaint and must view them in the light most favorable to the nonmoving party.

*Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  "The

2

court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id*. (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations,  a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal alterations, citations, and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). The court is not required to accept conclusions of law, conclusory allegations, or the asserted application of law to the alleged facts. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

3

Where, as here, a party is proceeding *pro se*, the Court is to liberally construe his pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Accordingly, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. Prisoners are particularly well-situated to plead facts outlining their treatment since they experienced it first-hand. *See Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010).

## III.   ANALYSIS

### A.  Plaintiff's claims are barred by the statute of limitations.

Defendants first allege that Plaintiff's claims are barred by the statute of limitations. *Doc. 8* at 2-4. The Supreme Court has held that because "§ 1983 claims are best characterized as personal injury actions . . . the 3-year statute of limitations governing actions 'for an injury to the person or reputation of any person'" applies to such claims brought in New Mexico. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (quoting

N.M.S.A. § 37-1-8).[1]  Therefore, in order to satisfy the statute of limitations, Plaintiff

must have brought the lawsuit within three years of his alleged injury.  *See* N.M.S.A. §

37-1-8.

Plaintiff claims that he was injured by Defendants' act of transporting Plaintiff

back and forth between the Department of Corrections and the Curry County Detention

Center.  *Doc. 1* at 2-3.  As explained above, Plaintiff appears to be referring to his

transportation immediately preceding the signing of his plea agreement on October 2,

2013.  *See doc. 8-1* at 1-5.  Under the three-year statute of limitations, any action filed in

regard to such injury must have been filed by October 2, 2016.  Plaintiff filed the instant

action on October 27, 2016, and thereby missed the deadline under the statute of

limitations by 25 days.  *See doc. 1.*  Although Plaintiff did not identify the date on which

he signed his Complaint, the envelope in which the Complaint was sent to the Court

was postmarked October 26, 2016.  *Doc. 1* at 4-5.  Therefore, as all evidence suggests that

Plaintiff failed to file his Complaint within the time limits established by the statute of

---

[1] The holding of *Wilson* was later superseded by statute when Congress enacted 28 U.S.C. § 1658, which stated that "a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."  *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-82 (2004).  However, "§ 1658 only applies to claims arising under statutes enacted after December 1, 1990."  *Id.* at 380.  Further, the Supreme Court has explained that a cause of action "is governed by § 1658's 4-year statute of limitations[] if the plaintiff's claim against the defendant was made possible by a post-1990 enactment."  *Id.*  Plaintiff brought this lawsuit under 42 U.S.C § 1983, and his claims arise under the Eighth, Fourteenth, Fifth, and Sixth Amendments to the United States Constitution rather than from any federal statutes enacted or amended after 1990. Therefore, the three-year statute of limitations prescribed by N.M.S.A. § 37-1-8 applies to his claims.  *See doc. 1.*

limitations, I recommend that Plaintiff's claims be dismissed with prejudice on that ground.

**B.  Defendant District Attorney's Office and Defendant Reeb, in her official capacity, are entitled to immunity under the Eleventh Amendment.**

Even if the Court were to find that Plaintiff filed his Complaint within the applicable statute of limitations, the Court should grant Defendants' Motion as to Defendant Ninth Judicial District Attorney's Office and Defendant Reeb, in her official capacity, on the basis of Eleventh Amendment immunity.  The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign state."  U.S. CONST. amend. XI.  The Supreme Court has explained that "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States."  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

The Ninth Judicial District Attorney's Office is a state entity.  See N.M.S.A. § 36-1-11; *State ex rel. Attorney General v. Reese*, 78 N.M. 241, 249 (1967); *State ex rel. Ward v. Romero*, 17 N.M. 88, 97–99, 125 P. 617, 619–20 (1912).  Consequently, it and its employees (when sued in their official capacities) are protected by the Eleventh Amendment.  *See Macias v. Griffin*, 612 Fed. App'x 532, 534 (10th Cir. 2015) (holding that New Mexico's Fifth Judicial District Attorney's Office is protected from suit by the Eleventh

Amendment); *Jackson v. N.M. Pub. Def.'s Office*, 361 Fed. App'x 958, 962 (10th Cir. 2010)

(same holding for Second Judicial District Attorney's Office).

Therefore, the claims against the District Attorney's Office and Defendant Reeb

in her official capacity can proceed only if Congress has abrogated the state's Eleventh

Amendment immunity.  *See Dellmuth v. Muth*, 491 U.S. 223, 227 (1989).  In analyzing

whether Congress has abrogated the state's immunity under the Eleventh Amendment,

the Court "must resolve two predicate questions: first, whether Congress unequivocally

expressed its intent to abrogate that immunity; and second, if it did, whether Congress

acted pursuant to a valid grant of constitutional authority."  *Kimel*, 528 U.S. at 73.

Plaintiff's claims are brought under § 1983 and courts have repeatedly held that "[i]n

enacting § 1983, Congress did not abrogate New Mexico's sovereign immunity . . . ."

*Schrader v. New Mexico*, 361 F. App'x 971, 974 (10th Cir. 2010) (unpublished); *see also*

*Quern v. Jordan*, 440 U.S. 332, 338 (1979); *Macias*, 612 Fed. App'x at 534; *Jackson*, 361 Fed.

App'x at 962.  This result is obvious when one considers that "neither a State nor its

officials acting in their official capacities are 'persons'" subject to liability under § 1983.

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

As a result, should the Court decline to dismiss Plaintiff's claims on the basis that

they are time-barred, I recommend that the Court find that Eleventh Amendment

immunity extends to Plaintiff's § 1983 claims as to Defendant District Attorney's Office

and Defendant Reeb in her official capacity, and dismiss them without prejudice on that basis.

### C. Defendant Reeb, in her individual capacity, is entitled to absolute prosecutorial immunity.

Additionally, Defendants argue that Defendant Reeb is entitled to absolute prosecutorial immunity in her individual capacity as assistant district attorney. *Doc. 8* at 5-6. Prosecutors are entitled to immunity in the performance of their prosecutorial functions. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009). In other words, prosecutors are "absolutely immune from damages for their advocacy and activities 'intimately associated with the judicial phase of the criminal process.'" *Miller v. Spiers*, 434 F. Supp. 2d 1064, 1066 (D.N.M. 2006)) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). However, absolute immunity "may not apply when a prosecutor is not acting as an officer of the court, but is instead engaged in other tasks, say, investigative or administrative tasks." *Van de Kamp*, 555 U.S. at 342 (internal quotations omitted).

In his Complaint, Plaintiff's sole argument is that Defendant Reeb was responsible for Plaintiff being improperly transported to and from the Curry County Detention Center. *See generally doc. 1*. The question therefore is whether such activity is intimately associated with the judicial phase of the criminal process. The Supreme Court has summarized its case law regarding the application of absolute prosecutorial immunity as follows:

> In the years since *Imbler,* we have held that absolute immunity applies
> when a prosecutor prepares to initiate a judicial proceeding, or appears in
> court to present evidence in support of a search warrant application.  We
> have held that absolute immunity does not apply when a prosecutor gives
> advice to police during a criminal investigation, when the prosecutor
> makes statements to the press, or when a prosecutor acts as a complaining
> witness in support of a warrant application.

*Van de Kamp*, 555 U.S. at 343 (internal citations omitted).

In *Burrows v. Cherokee Cty. Sheriff's Office*, 38 F. App'x 504, 506 (10th Cir. 2002) (unpublished), a plaintiff brought a claim under § 1983 alleging that the district attorney violated his constitutional rights by issuing an order to transport where the district attorney was "aware that the criminal case in which the order was issued had been dismissed with prejudice several months earlier."  In affirming the district court's finding of absolute immunity, the Tenth Circuit explained that "[a]lthough [the plaintiff] suggests the district attorney's actions in seeking the 'Order to Transport' were improper in light of the previous dismissal of the criminal proceedings against [the plaintiff], it is apparent from the pleadings that the district attorney's actions were undertaken as part of his official responsibilities."  *Id.* at 506.  The Tenth Circuit concluded that the district attorney was entitled to absolute sovereign immunity because "nothing in the pleadings . . . indicate[d] the prosecutor stepped outside of his prosecutorial role in pursuing the [order to transport]."  *Id.*

Here, Plaintiff alleges that Defendants violated his constitutional rights by transporting him back and forth between the Department of Corrections and the Curry

County Detention Center for the purpose of coercing him into signing a plea agreement.
*Doc. 1* at 2-3.  As in *Burrows*, the actions taken by the district attorney in transporting
Plaintiff from the Department of Corrections to the Curry County Detention Center,
even if improper, constitute actions undertaken as part of the district attorney's official
responsibilities.  As nothing in Plaintiff's Complaint suggests that Defendant Reeb's
actions were taken outside of her role as a prosecutor, I recommend that the Court find
that she is entitled to absolute prosecutorial immunity and dismiss the claims against
her with prejudice on that basis, should the Court decline to dismiss Plaintiff's claims
on the basis that they are time-barred.

### D. Defendant Reeb, in her individual capacity, is entitled to qualified immunity.

Defendant also argues, in the alternative, that Defendant Reeb is entitled to
qualified immunity in her individual capacity.  *Doc. 8* at 6-10.  The defense of qualified
immunity "protects governmental officials 'from liability for civil damages insofar as
their conduct does not violate clearly established statutory or constitutional rights of
which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231
(2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  When a defendant raises
the defense of qualified immunity, the plaintiff must demonstrate "(1) that the official
violated a statutory or constitutional right[] *and* (2) that the right was 'clearly
established' at the time of the challenged conduct." *Quinn v. Young*, 780 F.3d 998, 1004
(10th Cir. 2015) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011)).  "[T]he record

10

must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 877-78 (10th Cir. 2014) (internal quotations and citation omitted). The Court may address the two prongs of the test in any order. *Pearson*, 555 U.S. at 236.

Determining whether the law is "clearly established" that certain conduct violates a constitutional right depends on whether "the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) (quotation omitted). While the plaintiff need not locate "a case directly on point," nevertheless "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741.

### i.  *Plaintiff's Eighth Amendment Claim (Claim 1)*

When challenging the conditions of confinement, a plaintiff must allege sufficient facts to meet both the objective and subjective component of an Eighth Amendment claim. Under the objective component, "the alleged deprivation must deny 'the minimal civilized measure of life's necessities.'" *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1022 (10th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

11

Minimal civilized necessities include, among other things, "food, warmth, [and] exercise." *Wilson*, 501 U.S. at 304.  The inquiry under the objective prong "relies on the particular facts of each situation; the circumstances, nature, and duration of the challenged conditions must be carefully considered." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quotations and citation omitted).  Under the subjective component, "the responsible official must have a sufficiently culpable state of mind, i.e.[,] deliberate indifference." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 299-304 (1991)).

The well-pleaded facts in Plaintiff's Complaint do not establish a sufficiently serious deprivation.  Plaintiff's Complaint alleges that "the district attorney had the Plaintiff transported from DOC[] to County Detention[,] knowing the Courts [were] delayed[,] to cause mental issues." *Doc. 1* at 2.  Plaintiff does not challenge the conditions of his confinement or his transport from the Department of Corrections to County Detention, but rather merely alleges that he should not have been transported due to Defendants' knowledge that the court proceedings had been delayed. *See generally doc. 1.*  Plaintiff does not explain how this alleged wrongful transportation resulted in the mental issues alleged, including "distress [and] anxiety." *See generally id.*

While the Tenth Circuit has found that prisoners' have certain clearly established rights which are so fundamental to "the minimal civilized measure of life's necessities" as to overcome qualified immunity, the right not to be transported to a delayed court proceeding is not one of them. *Robards v. Stephan*, No. 92-3174, 1992 WL 302391, at *2

12

(10th Cir. Oct. 19, 1992) (unpublished); *compare Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) ("The right to custodial medical care is clearly established.") *with Smith v. Howell*, 570 F. App'x 762, 765-66 (10th Cir. 2014) (unpublished) (no clearly established right "to be free from even a few hours of exposure to friable asbestos").  As Plaintiff has provided no evidence that he had a clearly established right not to be transported back and forth to his plea proceeding, Defendant Reeb is entitled to qualified immunity.  I recommend that the Court find that Plaintiff's Complaint does not satisfy the objective prong and that the Court dismiss with prejudice Plaintiff's Eighth Amendment claims against both Defendants on this alternative basis, should the Court reject my recommendation to dismiss them as time-barred or on the basis of sovereign and absolute prosecutorial immunity.

### ii.   *Plaintiff's Fourteenth Amendment Claim (Claim 2)*

Plaintiff additionally contends that Defendants "violated Plaintiff[']s Fourteen[th] Amendment Rights by imposing a sentence knowing it to be illegal." *Doc. 1* at 2.  The Fourteenth Amendment to the United States Constitution states, in relevant part, that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV.  In determining whether a plaintiff's Fourteenth Amendment due process rights have been violated, the Court must first consider whether the defendant's activity "infringed or implicated a 'liberty' interest . . . within the meaning of the Due Process Clause."  *Meachum v. Fano*, 427 U.S. 215, 223-24

13

(1976). "It is well settled that due process protections extend to prisoners, though the extent of that protection is significantly less than that guaranteed to free persons." *Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1339 (10th Cir. 2007). When bringing a due process clause claim, a plaintiff must first demonstrate that he was deprived of a protected interest and then demonstrate that the process attendant to that deprivation was inadequate. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

In support of his claim, Plaintiff states that Defendants "transport[ed] the Plaintiff (back and forth) from DOC to Curry County Detention Center knowing the Court would be delayed to cause distress, anxiety, and to force the Plaintiff into a plea agreement that is determined to be illegal in nature and the sentence imposed is in violation of plea agreement as the sentence is illegal." *Doc. 1* at 2-3. The Supreme Court has held that transferring a prisoner from one institution to another does not implicate a protected liberty interest under the Fourteenth Amendment. *Meachum*, 427 U.S. at 225 ("Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."). Additionally, case law suggests that the mere transportation of a prisoner cannot constitute a violation of due process, much less that such a violation is clearly established. *J.H. ex rel. J.P. v. Nation*, 61 F. Supp. 3d 1176, 1211–13 (D.N.M. 2015), *aff'd*

14

*sub nom. J.H. ex rel. J.P. v. Bernalillo Cty.*, 806 F.3d 1255 (10th Cir. 2015) ("Neither of these cases clearly establish[es] that a law enforcement officer violates the Due Process Clause when he arrests a developmentally disabled child and transports her to a juvenile detention facility.") (discussing *Youngberg v. Romeo*, 457 U.S. 307 (1982) and *Armijo ex rel. Chavez v. Wagon Mound Public Schs.*, 159 F.3d 1253 (10th Cir. 1998)).

To the extent that Plaintiff's Fourteenth Amendment claim is based on the assertion that the unpleasant transport was designed to coerce him to enter a plea, he offers no evidence of such a claim beyond his self-serving statements. *See United States v. Triplett*, 402 F. App'x 344, 347 (10th Cir. 2010) (unpublished) (rejecting plaintiff's argument that his plea was coerced where he "fails to point to any evidence other than his self-serving statements to support his claim that his plea was coerced . . . [and] such allegations are undermined by his sworn statements to the court"); *Armijo v. Williams*, 151 F. App'x 640, 643 (10th Cir. 2005) (unpublished) ("Nothing in the record indicates that the state court, prosecution, or defense attempted to coerce [the plaintiff] into pleading no contest."). In fact, another court within our circuit has stated that "[p]lacing a defendant in restraints during transportation to and from a jail to a courthouse is a 'routine security measure' employed by law enforcement." *Taylor v. Franklin*, No. CIV-07-283-R, 2007 WL 2419868, at *9 (W.D. Okla. Aug. 24, 2007) (quoting *United States v. Waldon*, 206 F.3d 597, 608 (6th Cir.), *cert. denied*, 531 U.S. 881 (2000)).

Accordingly, because Plaintiff's Complaint fails to allege sufficient facts to demonstrate that he was deprived of a liberty interest protected by the Fourteenth Amendment, I recommend that the Court dismiss with prejudice Plaintiff's due process claims against both Defendants on this alternative basis, should the Court reject my recommendation to dismiss them as time-barred or on the basis of sovereign and absolute prosecutorial immunity.

   iii. *Plaintiff's Fifth Amendment Claim (Claim 3)*

Finally, Plaintiff alleges that Defendants "violated Plaintiff[']s Fifth and Sixth Amendment Rights."  *Doc. 1* at 3.  The Fifth Amendment to the United States Constitution protects against that the deprivation of "life, liberty, or property[] without due process of law."  U.S. CONST. amend. V.   However, the due process clause of the Fifth Amendment applies only to federal officials, as opposed to state officials.  *See Dusenberry v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"); *see also S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n. 21 (1987); *Greene v. Impson*, 530 F. App'x 777, 779 n.3 (10th Cir. 2013). As the Fifth Amendment does not apply to actions by state district attorneys, such as Defendant Reeb, or state agencies, such as Defendant District Attorney's Office, there can be no clearly established right under the Fifth Amendment as to Defendants'

actions at issue in this case.  Therefore, I recommend that Plaintiff's claim against Defendants under the Fifth Amendment be dismissed with prejudice on this alternative basis, should the Court reject my recommendation to dismiss them as time-barred or on the basis of sovereign and absolute prosecutorial immunity.

       iv.     *Plaintiff's Sixth Amendment Claim (Claim 3)*

Plaintiff argues that Defendants' actions violated his rights under the Sixth Amendment in that "the Defendant knowingly imposed a sentence to be illegal and thus violat[ed] the [l]aws of New Mexico." *Doc. 1 at 3.*  The Sixth Amendment states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend. VI.

Plaintiff does not specifically explain why he believes his sentence was illegal and therefore violates the Sixth Amendment.  *See generally doc. 1.*  Plaintiff was not denied assistance of counsel, as both he and his counsel signed his plea agreement on the day of the alleged violation.  *Doc. 8-1 at 4.*  Further, in signing his plea agreement, Plaintiff agreed that he "wishe[d] to give up the constitutional rights of which [he had] been advised." *Doc. 8-1 at 5.*  Plaintiff also agreed "[t]hat the plea is voluntary and not the result of force, threats[,] or promises other than a plea agreement." *Doc. 8-1 at 5.*

17

Thus, Plaintiff has waived his right to a trial by jury and to be confronted with the witnesses against him under the Sixth Amendment. *Doc. 81* at 4-5; *see, e.g., United States v. Leach*, 417 F.3d 1099, 1103-04 (10th Cir. 2005); *United States v. Roberts*, 165 F. App'x 568, 573 (10th Cir. 2006) (unpublished).

I conclude that there is no clearly established right under the Sixth Amendment which prohibits Defendants from transporting Plaintiff back and forth between the department of corrections and the detention center prior to his signing of a plea agreement. Therefore, I recommend that Plaintiff's claim against Defendants under the Sixth Amendment be dismissed with prejudice on this alternative basis, should the Court reject my recommendation to dismiss them as time-barred or on the basis of sovereign and absolute prosecutorial immunity.

## IV.   CONCLUSION

For the foregoing reasons, I recommend finding that: (1) Plaintiff's claims are barred by the statute of limitations; or, in the alternative, (2) Plaintiff's claims against Defendant District Attorney's Office and Defendant Reeb in her official capacity are barred by Eleventh Amendment immunity; and (3) Plaintiff's claims against Defendant Reeb in her individual capacity are barred by prosecutorial immunity; or, in the alternative, (4) Plaintiff's claims against Defendant District Attorney's Office and Defendant Reeb in her official capacity are barred by qualified immunity.  Therefore, I RECOMMEND that Plaintiff's Complaint be DISMISSED.

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**